Philip W. Crawford, Esq.
Robert F. Hagans III, Esq.
**FBT GIBBONS LLP**
One Pennsylvania Plaza, 45th Floor
Suite 4515
New York, NY 10119
(973) 596-4500
pcrawford@fbtgibbons.com
rhagans@fbtgibbons.com
*Attorneys for Defendants*
*Kubota Tractor Corporation*
*and Kubota Manufacturing of America*
*Corporation*

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: June 26, 2026
    White Plains, New York

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA MOSIELLO, As Administratrix of the Estate of ALFRED R. MOSIELLO and ANGELA MOSIELLO, Individually,<br><br>Plaintiff,<br><br>vs.<br><br>KUBOTA TRACTOR CORPORATION, KUBOTA MANUFACTURING OF AMERICA CORP., RUWET-SIBLEY EQUIPMENT CORPORATION, and LAND PRIDE SERVICES INC.<br><br>Defendants. | Civil Action No.: 7:26-CV-01094<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>*Document Electronically Filed* |

WHEREAS, Plaintiff seeks proprietary business documentation possessed by

Defendant Kubota Tractor Corp. ("KTC") and all parties to this litigation are amenable to

execution of the within Order so that access to said proprietary business documentation can

2787892.1 050657-98404

be had, the parties hereby enter into the present Stipulation concerning certain documents, materials and information to be produced by KTC; and

WHEREAS, KTC and the product manufacturer contend that certain documents and information and other materials are in whole or in part proprietary information, confidential business records and trade secrets, all of which are competitively sensitive data;

WHEREAS, KTC desires to maintain the confidentiality of the documents and/or things themselves as well as the confidentiality of the fact of their existence, their description and identity and their sum and substance; and

WHEREAS, the parties, their attorneys, and their experts and agents have agreed to comply with the letter and intent of this confidentiality agreement.

IT IS HEREBY STIPULATED THAT:

1.    Certain documents, information, records, and other materials of KTC and/or the product maker contain proprietary or confidential information which is entitled to be protected by a Court Order against disclosure to competitors or to third persons for any purpose other than its use in this specific litigation.  Such documents and other materials to be disclosed to the other parties are subject to the stipulation that the use of such material shall be limited by the terms of this Order.

2.    The information protected by this Order and to be produced in accord with it includes all documents and other materials and information designated as confidential by KTC.  Documents and other materials will be marked confidential by means of a stamp in the following form:  "Confidential" stamped on the document or by other reasonable method as agreed to by the parties.  No information that is in the public domain or which

is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be "Confidential" material under this Stipulation and Protective Order.

3.      Any confidential documents that any party wishes to use in motion practice shall be filed in a manner to maintain the confidentiality of said documents.  The parties shall cooperate with each other in this regard.

4.      The use of said documents and testimony and the information contained therein ("Protected Material") by counsel in this litigation, and all others receiving said Protected Material from counsel, shall be strictly limited to use in this case alone and shall be subject to all the terms of this Order.  All retained experts who are to review or receive the Protected Material must also execute this document and agree to its terms.

5.      To the extent that such Protected Material has been or may be in the future used in the taking of depositions, it shall remain subject to the provisions of this Protective Order, and so shall the transcript pages of all deposition testimony relating to said Protected Material.

6.      The originals of the above-described documents shall remain in the custody of KTC or its counsel.  All copies of such material, however obtained, shall be subject to the terms of this Order.

7.      No additional copies of any of the Protected Material shall be made unless pursuant to instructions by counsel in this litigation and unless counsel maintains a strict accounting of each such copy.

2787892.1 050657-98404

8.      Counsel shall maintain all copies of said Protected Material as strictly confidential and shall not show the copies or disclose information therein to any person other than individuals, including expert witnesses, who are assisting counsel in the preparation and prosecution of this action alone.  Without further order from the Court, said Protected Material shall not be disclosed for any purpose whatsoever to any other individual, whether employed by a party to this action or not, who is known to be associated in any way with a competitor of KTC and/or any other related Hitachi entity, with the exception of any expert who may be retained by any party for purposes of this case, provided they have signed a non-disclosure agreement in a form agreed upon by all parties to this litigation prior to the disclosure of any Protected Materials.

9.      The Protected Material shall not be disclosed for any purpose whatsoever to any other individual who is not associated in any way to this litigation.

10.      Counsel wishing to disclose any of the Protected Material to any individual shall show and provide a copy of this Order to said individual.  Counsel disclosing the Protected Material shall obtain a written statement identifying the name, title and business relationship of the person or persons to whom disclosure has been made.  Said statement shall confirm that a copy of this Order has been provided to the person to whom disclosure of the Protected Material has been made, and the person agrees to be bound by its terms.

11.      The terms of this Order shall remain fully effective as to all Protected Material until released either by a Court order or by the written consent of KTC.

12.      If Plaintiff's counsel believes that information has been inappropriately designated "confidential," the parties shall initially attempt to resolve any such dispute without judicial intervention.  If such efforts fail, any parties' counsel may, by motion to

2787892.1 050657-98404

the Court at any time during the pendency of this action, challenge the confidentiality designation.  The burden of proving the confidentiality of designated information remains with the party asserting the confidentiality.  If the court should determine that said information is not "privileged," or "proprietary" or otherwise "confidential" in nature, the parties and all those who have assisted the parties in the preparation and prosecution of this action, including expert witnesses, shall be relieved from the mandates of this Protective Order as it relates to such information.

13.    At the conclusion of this litigation, including any appeals, the parties shall account for each and every copy of the Protected Material and also summaries of the information contained therein, and shall return all copies and summaries of the Protected Materials to KTC through its counsel.  KTC hereby agrees that all copies and summaries of the Protected Materials returned at the conclusion of this litigation will be maintained in its counsel's files for a period of time consistent with said firm's document retention policy and will be made available to counsel to any other party to this litigation for the sole purpose of defending a malpractice claim.  In the event such disclosure is deemed required for this limited purpose, the receiving party shall request access to the Protected Materials in writing and will continue to be subject to the terms of this Protective Order.

14.    Nothing in this Order shall prejudice any party from seeking amendments hereto or broadening or restricting the rights of access to or the use of Protected Material or otherwise modifying this Order; and this Order or subsequent Order may be amended without leave of the Court by the agreement of counsel or the parties in the form of a Stipulation that shall be filed in this case.

2787892.1 050657-98404

15.     Counsel shall explain the terms of this Order to their clients so that their clients understand the terms of this Order and will abide by the terms of this Order.

16.     This Order may be executed in one or more counterparts, each of which, when so executed and delivered, shall be deemed an original, but all of which taken together shall constitute but one and the same instrument.  PDF and Faxed execution of this Stipulated Protective Order will constitute original signatures for all purposes.

BEN CRUMP LAW, PLLC
5 Cowboy Way, Suite 300
Frisco, TX 75034
Attorneys for Plaintiff


Dated: _____, 2026          By: _____
                                            Paul Grinke

..

                                       DICKIE, Mc CAMEY & CHILCOTE, P.C>
                                       360 Market Street -suite 160
                                       Williamsport, PA 17701
                                       Attorneys for Defendant
                                       Ruwet- Sibley Equipment Corporation

Dated: 11 JUNE _____ 2026           By: _____
                                            Anthony Rash.


FBTGIBBONS L.L..C.
One Gateway Center
Newark, New Jersey  07102-5310
(973) 596-4500
Attorneys for Defendant
Kubota Tractor Corp.


Dated: _____, 2026          By: _____
                                            Phillip W. Crawford


2787892.1 050657-98404

15.    Counsel shall explain the terms of this Order to their clients so that their clients understand the terms of this Order and will abide by the terms of this Order.

16.    This Order may be executed in one or more counterparts, each of which, when so executed and delivered, shall be deemed an original, but all of which taken together shall constitute but one and the same instrument.  PDF and Faxed execution of this Stipulated Protective Order will constitute original signatures for all purposes.

BEN CRUMP LAW, PLLC
5 Cowboy Way, Suite 300
Frisco, TX 75034
Attorneys for Plaintiff

Dated:  _____June 12_____, 2026          By: _____
                                            Paul Grinke

..

DICKIE, Mc CAMEY & CHILCOTE, P.C>
360 Market Street -suite 160
Williamsport, PA 17701
Attorneys for Defendant
Ruwet- Sibley Equipment Corporation

Dated:_____2026          By:_____
                                    Anthony Rash.

FBTGIBBONS L.L..C.
One Gateway Center
Newark, New Jersey  07102-5310
(973) 596-4500
Attorneys for Defendant
Kubota Tractor Corp.

Dated:  ___June 23_____, 2026          By: ___s/ Philip W. Crawford_____
                                         Phillip W. Crawford

2787892.1 050657-98404